UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cr-00166-BR-1
No. 5:15-cr-00166-BR-2
No. 5:15-cr-00166-BR-3

| | |
|---|---|
| **United States of America**, <br><br> v. <br><br> **Akin Sean El Precise Bey, George Lincoln Stanley, IV & Hubert Dixon**, <br><br> Defendants. | **Order** |

In June 2015, the Grand Jury returned a superseding indictment charging Defendants Akin Sean El Precise Bey, George Lincoln Stanley, IV and Hubert Dixon with one count of conspiracy to engage in kidnapping, one count of kidnapping, and one count of brandishing a firearm during and in relation to a crime of violence. D.E. 46. The Grand Jury brought the same charges against another defendant, Judson Hugh Debnam. *Id.* The Grand Jury also charged Bey with being a felon in possession of a firearm and ammunition. *Id.*

In anticipation of trial, Bey and Dixon seek an order requiring the Government to comply with its duties under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972) no later than 60 days before trial (D.E. 104, 144); an order requiring the Government to give notice of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence (D.E. 105, 142); an order requiring the sequestration of the Government's witnesses and prohibiting the Government from discussing the trial testimony of witnesses with other individuals who may testify at trial (D.E. 106, 147); and an order requiring the Government to produce any summary exhibits it intends to use no later than 14 days before

trial (D.E. 107, 143).  Stanley filed a request seeking notice of the Government's intent to introduce Rule 404(b) evidence as well.  D.E. 113.

In response, the Government contends that the Defendants' motions should be denied as moot because it is complying with its *Brady* and *Giglio* obligations and will produce the requested documents and information no later than seven days before trial.  D.E. 129, 152.  With respect to sequestration, the Government requests that Bey and Dixon's witnesses also be subject to a sequestration order and that it be allowed to designate one witness to remain in the courtroom for the duration of the trial.  D.E. 153

## I. Disclosure of *Brady* and *Giglio* Materials

Bey and Dixon request that the court order the Government to produce all *Brady* and *Giglio* material no later than 60 days before trial.  Under *Brady*, the Government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'"  *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The Government must also disclose evidence that could potentially be used to impeach or discredit a Government witness. *Giglio*, 405 U.S. at 154. This evidence must be produced "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009).

The Government acknowledges its obligations to provide *Brady* and *Giglio* materials in a timely manner.  D.E. 129 at 2–3, 152 at 3–4.  Furthermore, the Government represented to the court that it has already produced over 4,900 pages of materials to the Defendants; will produce additional relevant documents as this matter moves forward; and will produce criminal histories, plea agreements, promises of consideration, and inconsistent statements, if any, "in time to put the information to effective use at trial."  D.E. 152 at 3.  Additionally, although the Government

is not required to produce statements which fall under the Jenks Act prior to trial, it represents that it will do so no later than one week before trial. *Id.*

In light of the Government's actions to date and its representations to the court, "[t]he court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial," *United States v. Howard*, No. 5:12–CR–9–D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532). Therefore, the motions seeking early disclosure of *Brady* and *Giglio* materials are granted in part and denied in part. The Government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

## II. Notice of Intent to Offer Rule 404(b) Evidence

The Defendants request that the Government "disclose the substance of any evidence it intends to introduce against [them] pursuant to Rule 404(b) of the Federal Rules of Evidence…." D.E. 105 at 1, 113 at 1, 142 at 1. However, under Rule 404(b)(2), a defendant is only entitled to receive "reasonable notice of the general nature of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial…." Fed. R. Evid. 404(b)(2)(A). The Government represents to the Court that it will comply with its obligations under Rule 404(b) no later than one week before trial. D.E. 128 at 1, 129 at 4, 152 at 2. Therefore, the Defendants' request regarding Rule 404(b) evidence is granted in part and denied in part. The Government is ordered to notify Bey, Stanley, and Dixon of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin. This order does not absolve the Government of its responsibility to comply with Rule 404(b) with respect to Defendant Debnam.

### III.   Request for Witness Sequestration

Bey and Dixon seek the exclusion of all of the Government's witnesses from the trial except for a designated case agent. They also request that the court prohibit the Government and its case agent from discussing trial testimony with any other witness it may call during the trial. The Government does not oppose the sequestration of its witnesses, but requests that Bey and Dixon's witnesses be sequestered as well. The Government also indicates that it may seek an exemption from the sequestration order at a later date so that its expert witness may attend some or all of the trial.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. However, the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b). Therefore, the court orders that all witnesses that may be called by Bey, Dixon, and the Government, other than the defendants and a case agent designated by the Government, shall be excluded from the courtroom during trial.

The court will also limit the witnesses' ability to discuss the case with others, but not to the extent Bey and Dixon request. The Fourth Circuit has explained that "lawyers are simply not subject to the Rule." *United States v. Rhynes*, 218 F.3d 310, 316 (4th Cir. 2000). As a result, "sequestration orders prohibiting discussions between witnesses should, and do, permit witnesses to discuss the case with counsel for either party…." *Id.* at 317. Therefore, witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

**IV.     Production of Summary Exhibits**

Finally, Bey and Dixon request that the Government be ordered to produce any summary exhibits it plans to use at trial 14 days prior to trial. The Government requests that the court impose a reciprocal obligation on Bey and Dixon and that each party produce their summary exhibits seven days prior to trial. After considering the parties arguments, the motions will be granted. The court orders that each party shall disclose to the other party any summary, chart, or calculation intended to be introduced as evidence under Rule 1006 no later than fourteen days before the date on which the trial is scheduled to begin.

**V.     Conclusion**

As discussed above, the court orders as follows:

1.     The motions seeking early disclosure of *Brady* and *Giglio* materials are granted in part and denied in part. The Government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

2.     The Defendants' request regarding Rule 404(b) evidence is granted in part and denied in part. The Government is ordered to notify Bey, Stanley, and Dixon of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

3.     The motions seeking sequestration of witnesses are granted in part and denied in part. All witnesses that may be called by Bey, Dixon, and the Government, other than the defendants and a case agent designated by the Government, shall be excluded from the courtroom during trial. Witnesses subject to this sequestration order are prohibited from

discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

4. The motions for production of summary exhibits are granted. The court orders that each party shall disclose to the other party any summary, chart, or calculation intended to be introduced as evidence under Rule 1006 no later than fourteen days before the date on which the trial is scheduled to begin.

Dated: October 16, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge