UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cr-00166-1BR

| | |
|---|---|
| **United States of America**, <br><br> v. <br><br> **Akin Sean El Precise Bey**, <br><br> Defendant. | **Order** |

Defendant Akin Sean El Precise Bey filed a Motion for Forensic Testing on October 29, 2015. D.E. 176. In his one paragraph motion, Bey requests that the court conduct forensic tests to determine whether two bolt cutters were used to cut a lock involved in this case. Additionally, he requests that the court forensically test a set of blue latex gloves for some unspecified purpose. *Id.* As the court does not perform forensic testing of evidence, the court will construe Bey's motion to be a request for the appointment of an expert who would conduct the requested forensic tests. The Government has not responded to Bey's Motion.

As an initial matter, Bey is not entitled to the relief he seeks because his motion is untimely. Pursuant to Rule 12(c)(1) of the Federal Rule of Criminal Procedure, the court required that any pretrial motions be filed no later than October 5, 2015. D.E. 100. As indicated above, Bey filed his motion more than three weeks after this deadline and approximately one month before trial. Bey has neither requested an extension of this deadline nor argued that there is good cause for his untimely filing. In light of his failure to adhere to the deadlines set out in the scheduling order, Bey's motion shall be denied. *See United States v. Chavez*, 902 F.2d 259, 262–63 (4th Cir. 1990); Oct. 15, 2015 Mot. Hr'g Tr. at 87:20–22 (denying motion filed after pretrial motion deadline).

Moreover, even if the motion was filed in a timely manner, Bey failed to establish that he is entitled to appointment of an expert to conduct forensic testing. Courts may appoint expert witnesses if the appointment is "necessary for adequate representation" of an indigent defendant. 18 U.S.C. § 3006A(e)(1). In order to be entitled to the appointment of an expert witness, an indigent defendant must make at least a "minimal showing that the contemplated use of the [expert's] services could buttress a viable defense." *United States v. Fince*, 670 F.2d 1356, 1357 (4th Cir. 1982). Although Bey invokes the term "forensic testing," he fails to explain what kind of testing could be performed on the items in question, what the testing could reasonably be expected to show, and how that testing would bolster his defense. Bey failed to demonstrate that the appointment of an expert to conduct forensic testing was necessary to provide him with an adequate defense and, therefore, his motion is denied. *See United States v. Hatfield*, 294 F. App'x 796, 797 (4th Cir. 2008) (affirming denial of motion for an appointment of an expert witness when the defendant "failed to offer any evidence in support of his motion for the appointment of an expert….").

Dated: November 23, 2015

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE