IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-166-1-BR
No. 5:19-CV-209-BR

| | |
|---|---|
| AKIN SEAN EL PRECISE BEY ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 400.) Petitioner has filed a response in opposition to the government's motion. (DE # 406.)

In 2015, a jury convicted petitioner of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(a)(1), (c); kidnapping in violation of 18 U.S.C. § 1201(a)(1); and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner to a total term of life imprisonment. He appealed, challenging his convictions and sentence, and the Fourth Circuit Court of Appeals affirmed. (DE # 357.) Petitioner filed a petition for a writ of certiorari, which the Supreme Court denied. (DE ## 370, 371.) On 14 May 2019, petitioner timely filed his § 2255 motion. (DE # 394.) In response, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner asserts two claims based on the alleged ineffective assistance of trial and appellate counsel.

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Higgs*, 663 F.3d 726, 739 (4th Cir.2011).
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted). "Claims of ineffective assistance of appellate counsel are examined under the same *Strickland* standards applicable to claims of ineffective assistance of trial counsel." Johnson v. United States, No. CIV.A. 5:05-0412, 2008 WL 5869692, at *4 (S.D.W. Va. June 16, 2008).

Petitioner alleges that trial and appellate counsel were ineffective for failing to argue petitioner's conspiracy to commit kidnapping conviction and kidnapping conviction constitute the same offenses for which he has been punished twice in violation of the Double Jeopardy

2

Clause. (Mem., DE # 394-1, at 2.) The government argues that these offenses are in fact distinct, and therefore, counsel did not act unreasonably in failing to raise the issue at any stage o the proceedings. (See Mem., DE # 401, at 5-6.) The court agrees.

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." United States v. Dixon, 509 U.S. 688, 696 (1993) (citation omitted). "The same-elements test, sometimes referred to as the 'Blockburger' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." Id.

"The elements of kidnaping under § 1201[(a)(1)] are twofold: the kidnaped victim shall have been (1) unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and (2) held for ransom or reward or otherwise." United States v. Lewis, 662 F.2d 1087, 1088 (4th Cir. 1981) (citation and internal quotations marks omitted). Conspiracy to commit kidnapping requires "an agreement among the conspirators to do something which the law prohibits[, that is, kidnapping]; knowing and willing participation by the defendants in the agreement; and an overt act by the defendants in furtherance of the agreement." United States v. Seau, 850 F.2d 690 (4th Cir. 1988) (table) (citation omitted); see 18 U.S.C. § 1201(c) ("If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life."). Because conspiracy to commit kidnapping requires an agreement and the substantive offense of kidnapping does not, the offenses are not

3

the same, and the Double Jeopardy Clause is not implicated. See United States v. Yearwood, 518 F.3d 220, 223 (4th Cir. 2008) ("A substantive crime and conspiracy to commit that crime are 'separate offenses' for purposes of the Double Jeopardy Clause, however, because an agreement to do an act is distinct from the act itself." (citation omitted)). Therefore, neither trial counsel nor appellate counsel acted deficiently by failing to raise this meritless issue. See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance."). Petitioner has not stated any claim entitling him to relief.

For the foregoing reasons, the government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of this order and close this case.

This 6 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge