IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00166-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| AKIN SEAN EL PRECISE BEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's "Motion for Reconsideration as to Request to Unseal Documents" [DE 515]. Defendant asks the court to reconsider its order denying his motion to unseal documents filed in May 2015 at docket entries 3 and 15 in this case. The United States opposes the motion (DE 518).

"[D]espite the nonexistence of a specific rule in the Federal Rules of Criminal Procedure, a district court has the inherent power, and thus jurisdiction, to reconsider interlocutory orders prior to entry of judgment on such orders." *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985). The Fourth Circuit has confirmed that interlocutory rulings are "law of the case"; thus, only three circumstances exist when a court should reconsider an earlier interlocutory decision. *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). The first circumstance arises if further litigation has yielded "substantially different evidence" from what was available to the parties at the time of the original decision. *Id.* Second, a change in the applicable law provides a reason to depart from an earlier decision. *Id.* And, third, a court may modify its prior order if doing so is necessary to correct a "clear error causing manifest injustice." *Id.*; *see also Phoenix v.*

*Amonette*, 95 F.4th 852, 857 (4th Cir. 2024) ("a district court's discretion to revisit an [interlocutory] order denying summary judgment is 'cabined' by the same principles that govern other types of interlocutory orders.") (quoting *Carlson*, 856 F.3d at 325).

Defendant argues none of the above and the court finds none are applicable. Instead, Defendant renews his request providing "additional facts to help substantiate the need for the aforementioned documents to be unsealed." DE 515 at 1. However, even if the court were authorized to reconsider its earlier decision under these circumstances, the court finds Defendant fails to demonstrate how his request here is different than those already made before this court and ruled upon. He also has not rebutted the United States' contention that Defendant has been provided the documents he now seeks to be unsealed and furnished to him.

Defendant's motion is DENIED.

SO ORDERED this 16th day of January, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE